**BLD-053** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2780
_____

UNITED STATES OF AMERICA

v.

KENNETH EUGENE CHERRY, JR.,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-19-cr-00122-001)
District Judge:  Honorable Harvey Bartle III
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed December 28, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Kenneth Eugene Cherry, Jr., appeals pro se from the District Court's decision denying his third motion for compassionate release. The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In May 2021, the District Court sentenced Cherry to 15 years in prison and three years of supervised release for a host of firearm-related offenses.[1] Five months later, he filed his first compassionate-release motion, citing his medical conditions (including asthma and epilepsy) and the COVID-19 pandemic. A district court may not grant compassionate release unless it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction, and (2) a balancing of the applicable 18 U.S.C. § 3553(a) factors weighs in favor of a reduction. See 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020).[2] In November 2021, the District Court denied Cherry's motion, concluding that he had failed to meet either of these two requirements. Regarding the § 3553(a) factors, the District Court highlighted the "extreme seriousness" of Cherry's offenses, noting that he had been convicted of multiple counts involving firearms trafficking. (Dist. Ct. Mem. entered Nov. 10, 2021, at 7.) The

---

[1] Cherry's projected release date is in 2032.

[2] The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

District Court also pointed out that Cherry had served only a small portion of his sentence, and it explained that "[r]eleasing him now would not appropriately reflect the nature and circumstances of his offense, promote just punishment, or afford adequate deterrence to criminal conduct." (Id. at 7-8.)

Cherry did not appeal from that denial of compassionate release. Instead, in February 2022, he filed a second compassionate-release motion. He once again relied on his medical conditions and the pandemic, and he also pointed to his family circumstances, such as the fact that his young son was born prematurely and suffers from medical issues. In May 2022, the District Court denied the motion, concluding that Cherry had again failed to meet the "extraordinary and compelling reasons" requirement (the court did not discuss the § 3553(a) factors). Cherry appealed from that decision, but the Clerk of this Court ultimately dismissed that appeal based on Cherry's failure to file a brief. See C.A. No. 22-2018.

In July 2022, Cherry filed a third compassionate-release motion, reiterating arguments from his previous motions, highlighting additional medical issues, and criticizing his medical care in prison. On September 14, 2022, the District Court denied this motion, concluding that (1) Cherry had yet again failed to meet the "extraordinary and compelling reasons" requirement, and (2) he did not establish that a rebalancing of

the § 3553(a) factors in his favor was warranted. Cherry now appeals from the District Court's September 14, 2022 decision.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

Regardless of whether Cherry's third compassionate-release motion could satisfy the "extraordinary and compelling reasons" requirement, the District Court did not abuse its discretion in denying that motion. As noted above, the District Court's November 2021 decision denying Cherry's first compassionate-release motion examined the § 3553(a) factors and concluded that a balancing of those factors did not weigh in his favor. Although the November 2021 decision is not the subject of this appeal, the District Court's analysis there is relevant here, for the District Court, in denying the third compassionate-release motion that Cherry filed in less than a year, concluded that he had failed to show that a rebalancing of the § 3553(a) factors in his favor was warranted. We find the District Court's § 3553(a) analysis in its November 2021 decision persuasive, and we cannot conclude that the District Court committed a clear error of judgment in

4

rejecting the argument that the § 3553(a) factors warranted a different result this time around.

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's decision denying Cherry's third compassionate-release motion.[3]

---

[3] We also grant the Government's request for leave to file its motion for summary affirmance, as well as its request to be excused from filing a brief.